23-7794
*Tumailli-Granizo v. Bondi*

BIA
Drucker, IJ
A220 226 808/809/810/811/812

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-six.

PRESENT:
JOSÉ A. CABRANES,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
            *Circuit Judges.*
_____

JUAN OSWALDO TUMAILLI-GRANIZO, CARMITA ROCIO MATUTE-ATIENCIA, R.A.T-M, D.J.T-M, E.A.T-M,
            *Petitioners*,

            v.                                                    23-7794
                                                                 NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

**FOR PETITIONERS:**   Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**   Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Zachary S. Hughbanks, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Juan Oswaldo Tumailli-Granizo, Carmita Rocio Matute-Atiencia, and their children, natives and citizens of Ecuador, seek review of an October 20, 2023, decision of the BIA summarily affirming an August 31, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Oswaldo Tumailli-Granizo, et al.*, Nos. A220 226 808/809/810/811/812 (B.I.A. Oct. 20, 2023), *aff'g* Nos. A220 226 808/809/810/811/812

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

(Immig. Ct. N.Y.C. Aug. 31, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final administrative decision.  *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).  We review the agency's factual findings for substantial evidence and questions of law de novo.  *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).  "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

"We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment."  *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (internal quotation marks omitted); *see also* Fed. R. App. P. 28(a)(8)(A) (providing that "the argument" in an appellant's brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").  Petitioners' brief restates their claims for asylum and withholding of removal without identifying legal or factual errors in the agency's decisions or citing the record.  As to CAT, they argue, without support and contrary to the agency's regulations, that the agency applied an

3

incorrect standard, but they do not challenge the agency's dispositive basis for denying CAT relief—their failure to establish a likelihood of torture. For these reasons, they have abandoned review of all forms of relief. *See Debique*, 58 F.4th at 684–85 (finding petitioner abandoned any arguments by failing to "state the issue *and* advance an argument" (internal quotation marks omitted)); *Aucacama-Azogue v. Bondi*, No. 23-7165, 2025 WL 2078445, at *3 (2d Cir. July 24, 2025) (summary order) (noting that Petitioners' attorney, Mr. Borja, has repeatedly argued, "contrary to the language of the regulations, that the agency erred in requiring government involvement or acquiescence to state a CAT claim").

Even assuming that Petitioners preserved their claims, the agency did not err. An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). "A protected ground cannot be incidental or tangential to another reason for harm." *Quituizaca*, 52 F.4th at 114–15. Here, the agency was not compelled to conclude that Petitioners' membership in their proposed

4

particular social group of families who have resisted gang activities was one central reason that they were targeted because the circumstances (extortion) suggested that gang members were motivated by ordinary criminal incentives. *Id*. And the IJ did not err in determining that Petitioners failed to demonstrate a likelihood of torture with government acquiescence: the record showed that they had not been tortured in the past, law enforcement was investigating their claim of extortion, and the Ecuadorian government was making significant efforts to curb gang crime and government corruption. *See* 8 C.F.R. § 1208.16(c); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (discussing CAT standard requirements of a likelihood of torture and that the "likely future harm will be inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity").

As explained above, Petitioners' counsel, Michael Borja fails to sufficiently address dispositive issues in the brief. Further, the brief makes factual allegations that are not supported by the record, such as asserting that the entire family was attacked continuously. Counsel also argues that withholding of removal has a less-stringent nexus requirement than asylum and that CAT relief does not require government acquiescence where the feared torture is from private actors. These

5

are arguments counsel has made in other cases, and we have repeatedly rejected them. *See, e.g.*, *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, *1 (2d Cir. Apr. 23, 2024) (summary order); *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *1–2 nn.2 & 5 (2d Cir. Sept. 30, 2025) (summary order).

For the foregoing reasons, the petition for review is DENIED. A copy of this order will be forwarded to this Court's Grievance Panel. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6